UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE GREGORY BURNS,

        Plaintiff,

      v.                                Case No. 21-cv-0171-bhl

AUSTIN SUMMERS,
EAU CLAIRE POLICE DEPARTMENT,
EAU CLAIRE COURTS, and
MICHELLE ERDMANN,

        Defendants.

## SCREENING ORDER

Plaintiff Lawrence Gregory Burns, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Burns' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Burns has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Burns has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $17.00. Burns' motion for leave to proceed without prepaying the filing fee will be granted.

**SCREENING OF THE COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

2

### ALLEGATIONS OF THE COMPLAINT

Burns alleges that, on September 16, 2019, Defendant Austin Summers and other unnamed police officers with the Eau Claire Police Department punched and tased him while he was facedown with his hands handcuffed behind his back.[1]  Dkt. No. 1 at 2-3.  Officers allegedly stripped him down to his underwear, took his mattress and left him delirious, bleeding, and cold on the concrete floor.  *Id.* at 3.  Burns asserts he was refused medical attention.  *Id.* at 4.

According to Burns, he is a federal government official working with the Federal Bureau of Investigation (FBI).  Dkt. No. 1 at 4.  He says he was arrested on a disorderly conduct charge after he refused to give officers his name.  *Id.*  He asserts that the FBI had to deploy the government and military to finish his investigation.  *Id.*  Burns alleges that he lost his job, car, and house following the officers' attack.  *Id.*  He asserts that he has a March 22, 2021 trial date.  *Id.*

Burns seeks money damages and asks that all charges against him be dropped.  He would also like his FBI privileges to continue, including protection for himself and his family.

### THE COURT'S ANALYSIS

The Court will allow Burns to proceed on an excessive force claim against Summers based on allegations that Summers punched and tased him while he was handcuffed facedown on the ground.  Because Burns was a pretrial detainee when the alleged incident occurred, his claim arises under the Fourteenth Amendment and will be analyzed under the objective unreasonableness standard.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 399-400 (2015).  The Court also will allow Burns to proceed on excessive force claims against the unnamed officers who allegedly

---

[1] Burns alleges the incident occurred at the "county jail."  Dkt. No. 1 at 3.  Although Burns is currently incarcerated at the Milwaukee County Jail, the Court assumes the alleged incident occurred at the Eau Claire County Jail.  Where the incident occurred is not relevant for purposes of screening Burns' complaint.

participated along with Summers.  The Court will add a John Doe placeholder to the caption, and after Summers has an opportunity to respond to the complaint, Burns may use discovery to learn the names of the other officers.  *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (instructing courts to assist pro se plaintiffs who encounter barriers in identifying appropriate defendants).  Burns may not serve discovery requests until *after* Summers responds to the complaint and *after* the Court enters a scheduling order setting a discovery deadline.

However, Burns may not sue the Eau Clair Police Department or the Eau Claire Courts because they are not "persons" that may be sued under §1983.  *Best v. City of Portland*, 554 F.3d 698, 698 n. 1 (7th Cir. 2009) ("a police department is not a suable entity under § 1983"); *McCallum v. Court of Appeals*, 19-cv-415-wmc, 2019 WL 4333315, at *1 (W.D. Wis. Sept. 12, 2019) (noting that a circuit court is part of the county it serves and therefore not a separate suable entity).  Burns also fails to state a claim against Michelle Erdmann.  Although she is named in the caption, the complaint contains no factual allegations against her.  Accordingly, Burns fails to provide her with notice of what she did or did not do to violate his rights as required by Federal Rule of Civil Procedure 8.  And Burns' allegation that he was denied medical care is too vague to state a claim.  He does not allege whether he requested medical care, what medical care he needed, or who allegedly denied him the care.

Finally, the Court advises Burns that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release…."  *Id.* at 481.  Tort actions, such as a §1983 action, that "will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, … should be allowed to proceed …."  *Id.* at 487.  The

Seventh Circuit has acknowledged that the reasoning in *Heck* applies to pending criminal charges. *Washington*, 127 F.3d 552, 555-56 (7th Cir. 1997).

Claims of excessive force while incarcerated would not necessarily imply the invalidity of the conviction (or, in Burns' case, the charges) for which a person is incarcerated. *See VanGlider v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006). As such, Burns may proceed with this case because, even if he prevails, his success will not demonstrate the invalidity of the criminal charges pending against him. Still, the only relief Burns seeks that is available to him is money damages. The Court does not have the authority to dismiss the charges against him. Burns may raise that request in his pending criminal proceedings.

**IT IS THEREFORE ORDERED** that Burns' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Eau Claire Police Department, Eau Claire Courts, and Michelle Erdmann are **DISMISSED**. The clerk's office is directed to add a John Doe placeholder to the caption.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Austin Summers pursuant to Federal Rule of Civil Procedure 4. Burns is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Summers shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Burns shall collect from his institution trust account the $333.00 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If Burns is transferred to another institution, the transferring institution shall forward a copy of this Order along with Burns' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order shall be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.  The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will

only delay the processing of the matter.

Burns is further advised that failure to make a timely submission may result in the dismissal

of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any

change of address.  Failure to do so could result in orders or other information not being timely

delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases

filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide

contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 10th day of March, 2021.

s/ *Brett H. Ludwig*
_____
BRETT H. LUDWIG
United States District Judge