IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE GREGORY BURNS,

                      Plaintiff,

v.                                                   OPINION and ORDER

AUSTIN SUMMERS and JOHN DOE,                  21-cv-302-jdp

                      Defendants.

---

Pro se plaintiff and prisoner Lawrence Gregory Burns is proceeding on a claim for excessive force against Eau Claire police officer Austin Summers and an unspecified number of unidentified officers who participated in the use of force. Two related matters are before the court. First, Burns has filed a document that he calls "motion for failure to: disclose, answer, or respond [and] failure to comply with court order," Dkt. 38, which I construe as a motion to compel and for sanctions. Second, Burns has missed his September 10, 2021 deadline for identifying the names of the John Doe defendants. *See* Dkt. 35. For the reasons explained below, I will grant Burns's motion in part and dismiss the John Doe defendants.

ANALYSIS

**A. Burns's motion**

Burns raises three issues related to discovery: (1) he initially wasn't able to review dashcam footage provided by Summers because it wasn't accompanied with a court order; (2) dashcam footage that Summers provided wasn't "readable" and "no footage was available"; and (3) Summers didn't provide body camera footage as Burns requested. Dkt. 38. He asks the court to enter default judgment against Summers and award $1,000,000. *Id.* at 7. In response,

Summers says that: (1) he followed the instructions of the Milwaukee County jail (where Burns is housed) for serving the dashcam video and included a court order; (2) he wasn't unaware until receiving Burns's motion that Burns was having technical difficulties with the footage, but he offers to provide another copy of the footage, along with detailed instructions on how to play it; and (3) he didn't provide body camera footage because none exists.

In his reply brief, Burns's primary concern seems to be that Summers should have responded more promptly, so Burns wants sanctions. But Burns hasn't shown bad faith, so that request is denied.

Burns has dropped his allegation that he doesn't have the necessary permission to review the dashcam footage, but he continues to state that "the provided USB doesn't work." Dkt. 46, at 4. So I will direct Summers to provide Burns with another copy of the footage, along with instructions on how to access the video on the flash drive, which Burns can share with jail library staff. I will also direct Summers to contact jail staff to confirm that Burns has been able to view it. Summers will then report back to the court, either confirming that Burns viewed the footage or describing Summers's efforts to address any remaining problems.

As for body camera footage, Burns alleges that Summers was wearing a body camera during the use of force, so Summers will have to do more than vaguely state that no body camera footage exists. I will direct Summers to supplement his response with the following information: (1) whether Burns or any other officer on the scene was wearing a body camera during the events relevant to this case; (2) if so, whether the camera was turned on; (3) if so, what happened to the video; (4) if body camera footage existed at one time, what steps Summers took to locate the video; and (5) if neither Summers or any other officer was wearing a body camera that was turned on, explain why not, and provide any Eau Claire policies on

2

officers wearing body cameras. If Burns believes that he is entitled to more information than Summers provides, Burns will have to file a new motion to compel, but only after conferring with Summers's counsel as required by Federal Rule of Civil Procedure 37(a)(1).

## B. Deadline for amending the complaint

Burns initially had an August 6, 2021 deadline to amend his complaint to identify any John Doe defendants. Dkt. 26. On August 9, I stayed that deadline pending resolution of a motion to compel that Burns filed. Dkt. 30. On August 23, I granted Burns's motion to compel, directing Summers to provide supplemental discovery responses by August 30 to identify other officers involved in the use of force. Dkt. 35. I gave Burns until September 10 to notify the court of the names of any John Doe defendants.

Summers provided supplemented his discovery response, but Burns has not amended his complaint, provided the names of any John Doe defendants, or alleged that he needs additional discovery on this issue. It has been more than a month since Burns's deadline passed, so I will dismiss the Joe Doe defendants from the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Lawrence Gregory Burns's motion to compel and for sanctions, Dkt. 38, is GRANTED in part. No later than November 1, 2021, defendant Austin Summers is directed to re-serve a copy of the dashcam footage and supplement his discovery responses as described in the opinion. Summers may have until November 8, 2021,

to report back to the court on the status of the dashcam footage. Burns's motion is otherwise DENIED.

2. The John Doe defendants are DISMISSED for Burns's failure to identify them.

Entered October 18, 2021.

                                            BY THE COURT:

                                            /s/

                                            _____

                                            JAMES D. PETERSON
                                            District Judge