IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE GREGORY BURNS,

                Plaintiff,

v.

AUSTIN SUMMERS,

                Defendant.

OPINION and ORDER

21-cv-302-jdp

---

Pro se plaintiff and prisoner Lawrence Gregory Burns is proceeding on a claim that defendant Austin Summers used excessive force against him at the Eau Claire County jail, including by punching him and using a taser on him while he was handcuffed. *See* Dkt. 7. Summers moves for summary judgment on the ground that he wasn't personally involved in the incident that's the subject of Burns's complaint.

Summers acknowledges that he was the Eau Claire police officer who arrested Burns for disorderly conduct, but he says that he released Burns to the custody of jail officials without incident. Dkt. 73, ¶¶ 11–18. Relying on jail records obtained through a public records request, Summers says that Burns began resisting while in a holding cell, but Summers denies being involved in the use of force that followed, and he denies punching or using a taser on Burns at any time. *Id.*, ¶¶ 19–20, 33–44. Burns disputes that he ever resisted, but he doesn't dispute Summers's own testimony of his lack of involvement, so I must accept Summers's version of events as true. *See Wackett v. City of Beaver Dam, Wis.*, 642 F.3d 578, 583 (7th Cir. 2011); *Motions for Summary Judgment* II.C. ("The court will conclude that a proposed fact is undisputed unless the responding party explicitly disputes it and either identifies contradictory evidence

in the record, or demonstrates that the proponent of the fact does not have admissible evidence to support it."), *attached to* Dkt. 26.

Every constitutional claim for damages requires a showing that the defendant was personally involved in the violation of the plaintiff's rights. *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614–15 (7th Cir. 2002). In this case, Burns hasn't submitted any evidence that Summers was personally involved in the alleged violation, either by using excessive force against Burns or by failing stop another officer from using excessive force, despite an opportunity to do so. *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). So the undisputed facts show that Summers is entitled to summary judgment.

Rather than disputing Summers's evidence, Burns seeks leave to amend his complaint to name several new defendants. Dkt. 79. But it's far too late for that. Burns has known since he filed this lawsuit in February 2021 that other officers were involved in the use of force. For this reason, Magistrate Judge Stephen Crocker gave Burns an August 6, 2021 deadline to conduct discovery and file an amended complaint that identified the unnamed defendants. Dkt. 26, at 5. I extended that deadline to September 10, 2021 at Burns's request. Dkt. 35. But that deadline came and went without Burns either filing an amended complaint or asking for another extension. A plaintiff can't wait until after the defendant moves for summary judgment to raise new claims or sue new defendants. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012).

Burns says that he didn't amend his complaint sooner because Summers provided him with "false and wrong material information." Dkt. 89, ¶ 10. But Burns hasn't supported that allegation either. Burns says that his discovery request asked Summers to identify other officers involved in his *arrest*. Dkt. 89, ¶ 4. Burns doesn't allege that he asked Summers to identify jail

staff. And even if Burns had made such a request, Summer says that he didn't witness the use of force, so he wouldn't have personal knowledge of the officers involved. Burns was free to file his own open records request or file a request for a subpoena under Federal Rule of Civil Procedure 45. But he did neither of those things. He cannot blame Summers for failing to do that for him.

If Burns needed more time to identify the proper defendants, he should have raised that issue before the deadline for amending his complaint passed. It is too late to bring in new defendants now. Burns's motion for leave to amend his complaint will be denied.

ORDER

IT IS ORDERED that:

1. Defendant Austin Summers's motion for summary judgment, Dkt. 69, is GRANTED.

2. Plaintiff Lawrence Gregory Burns's motion for leave to amend his complaint, Dkt. 79, is DENIED.

3. The clerk of court is directed to enter judgment in Summers's favor and close this case.

Entered April 15, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge