IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE GREGORY BURNS,

                              Plaintiff,

   v.                                                  OPINION and ORDER

TRAVIS McCANN, BREANNA THEN,
RICKY HAGEN, DAN OATES,                       21-cv-302-jdp
and D. BORGARO,

                              Defendants.

---

Plaintiff Lawrence Gregory Burns, proceeding without counsel, is suing correctional officers at the Eau Claire County jail for excessive force. He has filed three related motions: (1) a motion to compel discovery, Dkt. 134; (2) a motion challenging a new prison policy regarding incoming mail, Dkt. 133; and (3) a motion to extend the September 6 summary judgment deadline by 90 days. For the reasons below, I will deny all of these motions.

ANALYSIS

**A. Motion to compel**

Burns moves to compel defendants to produce discovery in response Burns's interrogatories and requests for production of documents. I will deny this motion for two reasons.

First, Federal Rule of Civil Procedure 37 requires a motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Burns's does not include such a certification with his motion, and he

does not otherwise describe any efforts he made to confer with defendants before filing his motion.

Second, Burns does not clearly explain in his motion what additional information he is requesting. Burns attached defendants' discovery responses to his motion, and those documents show that defendants provided a response to each of the requests. Dkt. 136-3 and Dkt. 136-4.[1] They raised objections, but they also provided documents and answers to the interrogatories. Burns objects only generally to defendants' responses; he does not identify specific problems with their answers. This makes it impossible for either defendants or the court to determine what additional information Burns believes he is entitled to or why he believes he is entitled to it.

Burns says in his motion that defendants "waived" any objection to his discovery requests by failing to provide timely responses. Dkt. 135, at 4. But the documents Burns filed show that is incorrect. Burns says that he served his discovery requests on March 22, 2024; defendants' responses are dated April 19. So they were within the 30 day-deadline imposed by the federal rules. Fed. R. Civ. P. 33(b)(2) and 34(b)(2). If Burns means to say that defendants waived any objections by failing to produce all the information that he wanted within 30 days, that is legally incorrect; the responding party is entitled to make objections. Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(C). If the party seeking discovery disagrees with those

---

[1] The one potential exception is that Burns says that defendants did not respond to his request for "the Austin Summers police cruiser audio." That was not a separate request for production of documents. Rather, it was part of a confusing request for "copies of all visual and tangible depictions related to this request," without explaining what "this request" was. Dkt. 136-2. Regardless, the claims against Summers (the arresting officer) have been dismissed, and it is not clear what potential relevance audio from Summers would have to claims against correctional officers at the jail. If Burns renews his motion to compel production of the audio, he will have to explain how it is relevant to proving his claims against the existing defendants.

objections, it is his responsibility to attempt to confer about the objections under Rule 37(a)(1) and then to file a motion to compel if the parties cannot resolve the dispute informally.

I will deny the motion to compel without prejudice. If Burns wishes to renew his motion to compel, he must first comply with Rule 37(a)(1). And if he files a renewed motion, he must do the following for each interrogatory or request for production for which he is seeking more information: (1) explain why the information defendants provided is not sufficient and identify the additional information that he is seeking; (2) explain how the additional information he is seeking is relevant to his claims; and (3) explain why he disagrees with any objection that defendants raised in response to the request. If Burns raises general objections without explaining how they relate to a particular discovery request, I will deny the motion.

B. Motion challenging prison mail policy

Burns asks for a court order enjoining enforcement of a new policy of the Wisconsin Department of Corrections (DOC) that requires all incoming mail to be photocopied so that the original documents can be shredded. According to the memo attached to Burns's motion, the reason for the policy is to prevent drugs from being smuggled into the prison. Dkt. 133-1. Burns does not clearly explain how this policy affects him, but I understand him to say that he is not receiving legal mail because he refuses to consent to the policy.

I will deny Burns's motion for two reasons. First, this lawsuit has nothing to do with DOC mail policies, no DOC officials are defendants in this case, and Burns does not say that he served his motion on any DOC officials. A plaintiff seeking injunctive relief must "ground [his] right to relief on events described in the complaint, not on matters that arise later." *Chicago Reg'l Council of Carpenters v. Vill. Of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011); *see also Dudgeon v. Fiorello*, 06-C-563-C, 2007 WL 5517460 (W.D. Wis. Jan. 31, 2007) (denying

3

motion for preliminary injunction because it raised issues outside scope of complaint); *Williams v. Nelson*, 04-C-774-C, 2005 WL 840358 (W.D. Wis. Apr. 1, 2005) (same). If Burns believes that a DOC policy is unconstitutional, he will have to file a separate lawsuit about that issue against the appropriate DOC officials.

Second, Burns has not shown that the new policy is preventing him from proving his claims in this case. He asserts generally that photocopies may be illegible or missing pages. Dkt. 133, at 2. But he identifies no examples of documents in this case that are illegible or missing. The DOC memo states that the prisoner must be present when the photocopying is occurring, *see* Dkt. 133-1, so Burns will have an opportunity to review the copies to make sure they are legible and complete before the originals are destroyed. If documents are missing or illegible, Burns can raise that issue with prison staff, and if they fail to address his concern, he can raise it with the court then.

**C. Motion for an extension of time**

The deadline for filing a summary judgment motion is September 6. Burns asks for a 90-day extension of that deadline for the reasons discussed in his other motions, namely, defendants have not produced all the documents he wants, and prison officials have not been providing him all his legal mail. I will deny this motion for two, independent reasons.

First, a party seeking an extension of time must show good cause, Fed. R. Civ. P. 6(b)(1), but Burns has not done that. Burns received defendants' discovery responses in April. He does not explain why he waited another four months to raise an objection to those responses (or why he failed to comply with Rule 37(a)(1) before filing this motion). As for DOC's legal mail policy, Burns acknowledges that he can get copies of his legal mail; he just cannot get the originals. Burns identifies no reason why he needs original documents for the purpose of filing

4

(or responding to) a summary judgment motion. This court does not require parties to file original documents.

Second, Burns does not identify any documents he needs to support a summary judgment motion but does not have. Granting a 90-day extension would require the court to strike the remainder of the schedule, including the trial date, causing delay. I will not disrupt the schedule based on a vague assertion that Burns wants to gather more evidence before filing a summary judgment motion.

No party is required to move for summary judgment, and it is unusual for a plaintiff in a civil rights case to move for summary judgment because he has the burden of proof. If Burns does not believe he has the evidence necessary to show that he is entitled to judgment as a matter of law, he does not have to file a summary judgment motion. But I will extend the summary judgment deadline one week because Burns may not receive this order until shortly before the deadline.

ORDER

IT IS ORDERED that:

1. Plaintiff Lawrence Gregory Burns's motion to compel discovery, Dkt. 134, is DENIED without prejudice.

2. Burn's motion challenging the prison mail policy, Dkt. 133, is DENIED.

3. Burns's motion for a 90-day extension of the summary judgment, Dkt. 132, is DENIED. The deadline is extended one week for both sides, to September 13, 2024.

Entered August 29, 2024.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge