IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAWRENCE GREGORY BURNS,

                              Plaintiff,

        v.                                                        ORDER

TRAVIS McCANN, BREANNA THEN,                                      21-cv-302-jdp
RICKY HAGEN, DAN OATES,
and DOUGLAS BORGARO,

                              Defendants.

Plaintiff Lawrence Gregory Burns, proceeding without counsel, moves for reconsideration of the court's summary judgment decision in this excessive force case. Dkt. 165. I granted defendants' summary judgment motion in part and denied it in part. I denied summary judgment on Burns's Fourth Amendment claims that Travis McCann deployed a taser on Burns, Douglas Borgaro punched Burns, and the other defendants failed to intervene. But I dismissed Burns's Fourth Amendment claims that Breanna Then and Ricky Hagen took Burns's pants off, Borgaro sat on Burns's back, and Hagen restricted Burns's breathing.

Burns challenges my decision dismissing the claim regarding the removal of his pants, which Burns calls his "strip search" claim. It was undisputed that officers removed Burns's pants under a policy that required an arrestee to change into a jail uniform so his clothes could be inventoried and that no one removed his underwear. Under those circumstances, I concluded that it was not clearly established that defendants' conduct violated the Fourth Amendment, so defendants were entitled to qualified immunity. Dkt. 163, at 4–5.

In his motion for reconsideration, Burns does not challenge my understanding of the undisputed facts, and he cites no law showing that defendants violated the Fourth Amendment. Instead, he says the summary judgment decision was premature because discovery is ongoing. He points out that the cutoff for discovery is not until February 7, months after the briefing for the summary judgment motion was complete.

The later deadline for discovery is a courtesy for parties who wish to continue discovery leading up to trial. It is not an excuse for failing to meet summary judgment deadlines. The summary judgment and discovery deadlines were in the preliminary pretrial conference order, *see* Dkt 126, which was issued nine months before Burns was required to submit his summary judgment materials. So Burns had plenty of notice about his deadlines.

The preliminary pretrial conference order instructed the parties: "The only way to make sure that the court will consider your documents is to start early, do them right the first time, and file them and serve them on time." *Id.* at 8. The order also directed the parties not to delay in conducting discovery: "It is important to act quickly on any discovery disputes so that you do not fall behind schedule. If the parties do not bring discovery problems to the court's attention quickly, then they cannot complain that they ran out of time to get information that they needed for summary judgment or for trial." *Id.* at 11.

If Burns believed he needed specific information to support his claim at the summary judgment stage, it was his responsibility to promptly file a discovery request. It is true that Burns filed a motion to compel just before the summary judgment deadline. Dkt. 134. I denied that motion, along with his request for a 90-day extension, because he did not comply with the requirement to confer, he did not explain what additional information he needed or why he needed it, and he did not provide good cause for the extension. Dkt. 137. However, Magistrate

Judge Boor later gave him a shorter extension of time, which gave him more than six weeks to prepare his summary judgment submissions. Dkt. 156.

In his motion for reconsideration, Burns identifies several categories of documents that he says he wants from defendants, including policies, video footage, and disciplinary records. He does not identify the documents with specificity, and he does not say whether he submitted discovery requests for those documents, or, if he did, what defendants' response to those requests was. More important, Burns does not explain how any of the documents would help him show that defendants violated the Fourth Amendment by removing his pants. I will deny his motion for reconsideration.

If Burns is concerned that defendants have refused to provide discovery that he needs at trial for the remaining claims, he is free to bring a motion to compel under Federal Rule of Civil Procedure 37. But as I have previously explained, Dkt. 137, at 3, Burns must first comply with the requirement in Rule 37(a)(1) to attempt to address the dispute informally with defense counsel. And if he files a motion to compel, he must do the following: (1) file a copy of the discovery request at issue with the court; (2) identify with specificity what discovery requests defendants failed to comply with and what additional information he is seeking; (3) explain how the additional information he is seeking is relevant to his claims; and (4) explain why he disagrees with any objection that defendants raised in response to the request.

ORDER

IT IS ORDERED that Lawrence Gregory Burns's motion for reconsideration, Dkt. 165, is DENIED.

Entered January 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge